# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

Case No.: 8:20-cv-2001

JESSE LEE,

    Plaintiff,

vs.

HABANEROS FLORIDA, LLC, and
FRANK KELLER,

    Defendants.

_____/

## COMPLAINT

Plaintiff Jesse Lee ("Plaintiff") hereby sues Defendants Habaneros Florida, LLC ("Habaneros"), and Frank Keller ("Keller") and alleges as follows:

## NATURE OF THE CASE

1. This is a case about the Defendants' failure to pay Plaintiff minimum wages and overtime wages.

## JURISDICTION AND VENUE

2. Pursuant to 28 U.S.C. § 1331, the Court has original jurisdiction over Plaintiff's claims arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

3. The Court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy.

4. Pursuant to 28 U.S.C. § 1391(b), venue lies in Pinellas County because a substantial

part of the events giving rise to these claims occurred within this District.

## THE PARTIES

5. At all times material hereto, Plaintiff resided in Florida.

6. At all times material hereto, resided in Florida, spent significant amounts of time living in Florida, and owned and operated a business with its principal place of business in Florida.

7. Habaneros is a Florida Limited Liability Companies that does business in Florida, has offices in Florida, and maintains agents in Florida.

8. At all times material hereto, Keller was involved in the day-to-day operation of Habaneros, had some direct responsibility for the supervision of Plaintiff, had the power to hire and fire Plaintiff, controlled Plaintiff's work schedules or terms, conditions, or privileges of employment, determined the rate and method of payment, or maintained employment records, or some combination thereof.

9. All conditions precedent have been performed or were waived or excused.

## GENERAL ALLEGATIONS

10. Habaneros does business as the Seabreeze Manor Inn, a small bed and breakfast in Gulfport, Florida.

11. In 2019, Habaneros and Keller hired Plaintiff to be the general manager/in keeper.

12. Plaintiff worked on average 14 hours a day, 5 to 7 days a week for all of 2019.

13. Defendants paid Plaintiff $625 per week.

14. Plaintiff was under the total control and direction of Keller.

15. Plaintiff was generally responsible for maintenance of the grounds and the units, including minor electrical, plumbing, and handyman work, cooking, cleaning, interactions with

guests in person, over the phone, and via e-mail,

16. Plaintiff had other duties.

17. Plaintiff also performed clerical or secretarial work, recorded or tabulated data, and performed other mechanical, repetitive, recurrent or routine work.

18. At all times material hereto, Plaintiff did not exercise discretion and independent judgment with respect to matters of significance.

19. At all times material hereto, Defendants told Plaintiff what to do and how to do it with respect to the tasks he performed.

## COUNT I – FLSA VIOLATION (UNPAID OVERTIME WAGES)
### Against Habaneros and Keller

20. Plaintiff incorporates paragraphs 1 through 19 as though fully set forth herein.

21. At all times material hereto, Plaintiff was a covered employee under the FLSA.

22. Habaneros was at all times material hereto engaged in interstate commerce.

23. The FLSA applies to Habaneros's business activities and to Plaintiff's work for Habaneros in that both affected interstate commerce for the relevant time period.

24. Habaneros operated, individually or collectively, as an organization which sold or marketed its services or goods to customers throughout the United States via the internet, solicited funds from sources outside Florida, accepted funds from sources outside of Florida, used telephonic transmissions and sent mail and e-mail over state lines to do business, or transmitted funds outside of Florida, or some combination thereof.

25. Habaneros regularly employed two or more employees for the relevant time period.

26. Habaneros, upon information and belief, had, individually or collectively, gross revenues which exceeded $500,000.00 for each of the past three (3) years and has otherwise

engaged in interstate commerce.

27. The services performed by Plaintiff affected interstate commerce.

28. Thus, Habaneros was at all times material hereto an enterprise engaged in commerce or in the production of goods or services for commerce.

29. Plaintiff was a non-exempt employee of Habaneros who worked in excess of forty (40) hours during one or more workweeks within the three (3) years of the filing of this lawsuit.

30. Habaneros had notice of, or had actual knowledge of, all of the hours worked by Plaintiff, including any hours in excess of forty (40) per week.

31. Habaneros failed to pay Plaintiff at the appropriate overtime rate for hours worked in excess of forty (40) per week in violation of 29 U.S.C. §§ 201-219.

32. Keller is an "employer" under the FLSA and thus jointly and severally liable for unpaid overtime wages.

33. Habaneros's violations of the FLSA were willful in that it knew that it was violating the FLSA. Alternatively, Habaneros acted in reckless disregard as to whether it was violating the FLSA.

34. Plaintiff is entitled to liquidated damages.

35. Plaintiff suffered damages as a result of Habaneros's violations.

36. Plaintiff has retained the undersigned law firm to represent him in this action and are obligated to pay a reasonable fee and costs.

**WHEREFORE** Plaintiff Jesse Lee respectfully requests that the Court enter a judgment decreeing that Defendants Habaneros Florida, LLC, and Frank Keller willfully or intentionally violated the FLSA, enjoining their violations of the FLSA, and awarding actual damages for unpaid overtime, liquidated damages, interest, attorneys' fees and costs pursuant to 29 U.S.C. §

216, and any additional relief deemed appropriate by the Court.

## **COUNT II – FLSA VIOLATION (UNPAID MINIMUM WAGES)**
### **Against Habaneros and Keller**

37. Plaintiff incorporates paragraphs 1 through 19 as though fully set forth herein.

38. At all times material hereto, Plaintiff was a covered employee under the FLSA.

39. Habaneros was at all times material hereto engaged in interstate commerce.

40. The FLSA applies to Habaneros's business activities and to Plaintiff's work for Habaneros in that both affected interstate commerce for the relevant time period.

41. Habaneros operated, individually or collectively, as an organization which sold or marketed its services or goods to customers throughout the United States via the internet, solicited funds from sources outside Florida, accepted funds from sources outside of Florida, used telephonic transmissions and sent mail and e-mail over state lines to do business, or transmitted funds outside of Florida, or some combination thereof.

42. Habaneros regularly employed two or more employees for the relevant time period.

43. Habaneros, upon information and belief, had, individually or collectively, gross revenues which exceeded $500,000.00 for each of the past three (3) years and has otherwise engaged in interstate commerce.

44. The services performed by Plaintiff affected interstate commerce.

45. Thus, Habaneros was at all times material hereto an enterprise engaged in commerce or in the production of goods or services for commerce.

46. The FLSA obligated Habaneros to pay Plaintiff at or above the FLSA minimum wage.

47. Habaneros failed the pay Plaintiff the required minimum wage.

48.     Keller is an "employer" under the FLSA and thus jointly and severally liable for unpaid minimum wages.

49.     Habaneros's violations of the FLSA were willful in that it knew that it was violating the FLSA. Alternatively, Habaneros acted in reckless disregard as to whether it was violating the FLSA.

50.     Plaintiff is entitled to liquidated damages.

51.     Plaintiff suffered damages as a result of Habaneros's violations.

52.     Plaintiff has retained the undersigned law firm to represent him in this action and are obligated to pay a reasonable fee and costs.

**WHEREFORE** Plaintiff Jesse Lee respectfully requests that the Court enter a judgment decreeing that Defendants Habaneros Florida, LLC, and Frank Keller willfully or intentionally violated the FLSA, enjoining their violations of the FLSA, and awarding actual damages for unpaid minimum wages, liquidated damages, interest, attorneys' fees and costs pursuant to 29 U.S.C. § 216, and any additional relief deemed appropriate by the Court.

### COUNT IV – VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION AND § 448.110  FLORIDA STATUTES (MINIMUM WAGE)
**Against Habaneros**

53.     Plaintiff incorporates paragraphs 1 through 19 as though fully set forth herein.

54.     Pursuant to Article X, Section 24 of the Florida Constitution and § 448.110 Florida Statutes, Habaneros was required to pay Plaintiff at least the applicable Florida minimum wage.

55.     During Plaintiff's employment, Habaneros paid Plaintiff less than Florida's minimum wage.

56.     Habaneros acted willfully.

**WHEREFORE** Plaintiff Jesse Lee respectfully requests that the Court enter a judgment decreeing that Defendant Habaneros Florida, LLC, willfully or intentionally violated the Article X of the Florida Constitution by failing to pay minimum wage, and awarding back wages, liquidated damages, interest, attorneys' fees and costs pursuant to Fla. Stat. § 448.110, finding that Habaneros willfully violated Article X of the Florida Constitution, ordering Habaneros to pay a $1,000.00 fine to the State of Florida for each such willful violation, and any additional relief deemed appropriate by the Court.

## DEMAND FOR JURY TRIAL

Plaintiff Jesse Lee hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

By: */s/ Alejandro F. Garcia*
  Alejandro F. Garcia, Esq.
  Florida Bar No. 98505
  agarcia@rgmlawfirm.com
  service@rgmlawfirm.com
  RAMHOFER GARCIA & MOORE, PLLC
  11900 Biscayne Blvd.
  Suite 742
  North Miami, FL 33181
  Telephone:  (305) 481-9733
  Facsimile:  (954) 697-0341
  *Attorneys for Plaintiff*