UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSE LEE,

    Plaintiff,

v.                                                         Case No. 8:20-cv-02001-JSM-AAS

HABANEROS FLORIDA, LLC, and
FRANK KELLER,

    Defendants.
_____/

## MOTION FOR RECONSIDERATION OF ORDER REQUIRING JOINT MOTION TO APPROVE FLSA SETTLEMENT

Plaintiff Jesse Lee, by and through the undersigned counsel, hereby files this Motion for Reconsideration of Order Requiring Joint Motion to Approve FLSA Settlement and in support thereof states as follows:

### INTRODUCTION

Plaintiff commenced this action seeking unpaid minimum wage and overtime wages pursuant to the FLSA and the Florida constitution. Plaintiff initially sought $6,681.50 in unpaid minimum wages and $8,274.36 in overtime wages plus liquidated damages, interest, attorney's fees and costs. The parties then engaged in extensive written discovery wherein they disclosed detailed answers to Interrogatories and exchanged over 1000 pages of documents. Although Defendants failed to keep the time records required by the FLSA, the process of gathering and reviewing documents and responding to Defendants' Interrogatories resulted in a revised hour calculation. Thereafter, the parties collaborated and jointly calculated a total of $6,385.04 in unpaid overtime wages and $640.64 in unpaid minimum wages.

On July 16, 2021, Defendants served on Plaintiff an Offer of Judgment pursuant to Rule

1

68, *Federal Rules of Civil Procedure*, in the amount of $14,051.36, which consisted of all claimed overtime wages and minimum wages (total $7,025.68) as well as liquidated damages (total $7,025.68), plus interest. The Rule 68 Offer of Judgment also included a separate reservation for an award of attorney's fees and costs by the Court. On July 22, 2021, Plaintiff filed his written acceptance of Defendants' Rule 68 Offer of Judgment. On July 23, 2021, the Court entered an Order (ECF No. 25) requiring the parties to file a Joint Motion for Approval of the FLSA Settlement within 14 days.

Plaintiff asks this Honorable Court to reconsider its Order requiring the parties to submit a Joint Motion for Approval of FLSA Settlement and enter a superseding order directing the Clerk to enter judgment in favor of Plaintiff against the Defendants as set forth herein. Rule 68 unambiguously commands the entry of a judgment against the offering party where the offer and its written acceptance have been filed with the Court. Although the Eleventh Circuit has not decided the issue, the case law from this District as well as the Second Circuit support the proposition that the oversight provisions of the FLSA and the policy considerations of *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), do not nullify the mandates of the Federal Rules of Civil Procedure. Plaintiff is entitled to a judgment.

## **MEMORANDUM OF LAW**

Rule 68, *Federal Rules of Civil Procedure*, permits a party to "serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued," and provides that "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Rule 1, *Federal Rules of Civil Procedure*, states that "these rules govern the procedure in all civil actions[.]" Citing to Rule 1, the Eleventh Circuit has held that the Federal Rules of Civil Procedure apply "in actions brought under

the Fair Labor Standards Act no less than in any other case." *Vasconcelo v. Miami Auto Max, Inc.*, 981 F.3d 934, 942 (11th Cir. 2020).

In *Vasconcelo v. Miami Auto Max, Inc.*, 981 F.3d 934, 943 (11th Cir. 2020), the employee rejected an offer of judgment, prevailed at trial, but failed to beat the offer of judgment. In rejecting the employee's argument on appeal that the fee-shifting provisions of the FLSA prohibit an employer from shifting the costs of litigation through a Rule 68 Offer of Judgment, the Eleventh Circuit held that "the Fair Labor Standards Act does not create an exception to the normal application of Rule 68." Following the logic of *Vasconcelo*, Judge Merryday held last year that parties may utilize Rule 41(a)(1)(A)(ii) and Rule 68 to resolve FLSA cases. *See Casso-Lopez v. Beach Time Rental Suncoast, LLC*, 335 F.R.D. 458, 462 (M.D. Fla. 2020).

The Second Circuit took up the very issue before the Court in *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 398 (2d Cir. 2019):

> The question before us is straightforward: whether acceptance of a Rule 68(a) offer of judgment that disposes of an FLSA claim in litigation needs to be reviewed by a district court or the DOL for fairness before the clerk of the court can enter the judgment.

*Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 399-400 (2d Cir. 2019). There, the employer offered $20,000.00 plus reasonable attorney's fees, costs, and expenses pursuant to Rule 68, *Federal Rules of Civil Procedure,* and the employee filed a letter with the district court notifying the court of the acceptance. Upon receiving this notice, the district court ordered the parties to submit a settlement agreement along with a joint letter explaining why the settlement agreement should be approved as fair and reasonable. Rather than file a motion for approval, the parties submitted a letter taking the position that judicial approval was not required for a Rule 68 Offer of Judgment. Thereafter, the district court certified the case for an interlocutory appeal. To begin its analysis, the Second Circuit observed that "Rule 68(a)'s command that the clerk must enter

3

judgment is mandatory and absolute." *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 400 (2d Cir. 2019). This mandatory language combined with the absence of a "clear expression of congressional intent' required 'to exempt the statute from the operation of' Rule 68" led it to hold "that judicial approval is not required of Rule 68(a) offers of judgment settling FLSA claims." *See Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 398 (2d Cir. 2019).

If an employer can utilize Rule 68 to shift costs to an employee in an FLSA action, an employee should be able to utilize Rule 68 to obtain a judgment against an employer. A judgment is a judgment – whether obtained via Rule 68 or after a jury trial. If a district court does not need to scrutinize and approve a judgment obtained after a jury verdict, then it should not need to scrutinize and approve a judgment obtained via Rule 68. There is no settlement to approve in this case. There are no payment terms. The parties have not negotiated a release of claims or attorney's fees. Simply put, the only offer Defendants made, and which Plaintiff accepted, was for the entry of a judgment for $14,051.36, plus interest, and a reservation of jurisdiction for an award of attorney's fees and costs.

## CONCLUSION

The Court should adopt the rationale of *Mei Xing Yu* and direct the Clerk to enter judgment against the Defendants pursuant to Rule 68, *Federal Rules of Civil Procedure*.

**WHEREFORE**, Plaintiff Jesse Lee respectfully requests the entry of an Order:

1) vacating the Order (ECF No. 25) requiring the parties to submit a joint motion for approval of an FLSA settlement;

2) directing the Clerk to enter a judgment against Defendants and in favor of Plaintiff in the amount of $14,051.36, plus pre-judgment and post-judgment interest at the applicable rates, that requires Defendants to complete under oath Florida Rule of Civil

4

>   Procedure Form 1.977 (Fact Information Sheet), and that reserves jurisdiction to award reasonable attorney's fees and costs and to compel Defendants to complete and serve Form 1.977 and its attachments; and

3) awarding all additional relief deemed appropriate by the Court.

Alternatively, should the Court deny this Motion, Plaintiff requests an additional seven (7) days to file the Motion for Approval of FLSA Settlement ordered by the Court.

## **CERTIFICATE OF GOOD-FAITH CONFERRAL**

I hereby certify that I conferred with opposing counsel via e-mail on August 5, 2021. Although he did not have an objection to the relief requested generally, he objected to the directions to the Clerk in paragraph 2 of the wherefore clause as to the contents of the final judgment. Specifically, counsel indicated "For 2, we could agree to the following language: 'directing the clerk to enter a judgment against Defendants and in favor of Plaintiff in the amount of $14,051.36, plus post-judgment interest at the applicable rate.'"

>   Respectfully submitted,
>
>   By: */s/Alejandro F. Garcia*
>   Alejandro F. Garcia, Esq.
>   Florida Bar No. 98505
>   agarcia@ramhofergarcia.com
>   RAMHOFER | GARCIA
>   11900 Biscayne Blvd.
>   Suite 742
>   North Miami, FL 33181
>   Telephone: (305) 481-9733
>   Facsimile:  (954) 697-0341
>   *Attorney for Plaintiff*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2021, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing documents are being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

By: */s/ Alejandro F. Garcia*
      Alejandro F. Garcia, Esq.